Justice Scalia,
with whom Justice Thomas joins,
concurring.
I join the opinion of the Court because I agree that a nar­row interpretation of the rationale of Bivens v. Six Un­known Fed. Narcotics Agents, 403 U. S. 388 (1971), would not cause the holding of that case to apply to the circum­stances of this ease. Even if the narrowest rationale of Bivens did apply here, however, I would decline to extend its holding. Bivens is “a relic of the heady days in which this Court assumed common-law powers to create causes of action” by constitutional implication. Correctional Services Corp. v. Malesko, 534 U. S. 61, 75 (2001) (SCALIA, J., concur­ring); see also Wilkie v. Robbins, 551 U. S. 537, 568 (2007) (Thomas, J., concurring). We have abandoned that power in the statutory field, see Alexander v. Sandoval, 532 U. S. 275, 287 (2001), and we should do the same in the constitu­tional field, where (presumably) an imagined “implication” cannot even be repudiated by Congress. As I have pre­viously stated, see Malesko, supra, at 75, I would limit Bivens and its two follow-on cases {Davis v. Passman, 442 *132 U. S. 228 (1979), and Carlson v. Green, 446 U. S. 14 (1980)) to the precise circumstances that they involved.